## Moser v. Roughton.

*Replevin — Lien for repairs on truck — Affidavit of defence — Act of April 19, 1901, P. L. 88.*

1. Where payment has been refused for labor and material furnished in repairing a truck, a lien accrues to the person furnishing the labor and materials, and he has a right to retain possession of the truck.

2. If the owner replevies the truck, an affidavit of defence is sufficient which sets forth the material furnished and the number of hours of labor and the cost thereof in making the repairs which the owner requested and non-payment of the same.

3. A claim property bond filed by the defendant in such a case is a nullity.

4. The owner is entitled to the possession, and the defendant must rely on the bond filed by the owner.

Motion for judgment for want of sufficient affidavit of defence. C. P. Northumberland Co., May T., 1921, No. 329½.

C. C. Lark, for plaintiff; A. K. Deibler, for defendant.

STROUSS, P. J., Sept. 2, 1924.—The plaintiff issued a writ of replevin for the recovery of a Mack truck, together with certain appliances and tools. The declaration having been filed, the defendant, on Sept. 4, 1923, filed an affidavit of defence, and later, to wit, on June 16, 1924, without objection, filed an amended affidavit of defence. The plaintiff has moved for judgment. As we view the affidavit of defence, we think it sufficient to prevent judgment. It sets forth facts sufficient to justify the retention of the truck in question. It contains allegations that the truck was placed in the hands of the defendant by the plaintiff for the purpose of overhauling, and that, the defendant having overhauled the same and the charges for labor and material furnished in repairing the truck not having been paid by the plaintiff and payment having been refused, the defendant retained the truck. This was his right under the law. The affidavit further contains a designation of the material furnished and the number of hours of labor and the cost thereof in making the repairs requested by the plaintiff. We think these items are sufficiently set forth in support of the claim of the defendant.

The defendant does not set up either title or a qualified ownership in the truck levied upon, but asserts a right of retention to secure the repair charges.

Moser v. Roughton.

This brings the issue within the 6th section of the Act of April 19, 1901, P. L. 88, which provides that: "If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be rendered, which the court shall impose in accordance with equitable principles."

The sole and only controversy is the amount of money properly due the defendant for the repairs to the truck. The defendant had a right to retain the truck as security for the reasonable charges for repairs, but upon the filing of the bond by the plaintiff, his right to retain the truck ceased and his security was the bond. It is true that the defendant filed a claim property bond, but this was without right under the law and is a nullity. Plaintiff on the filing of the bond would be entitled to have the truck delivered to him, and the defendant was required to look to the bond for the recovery of his charges for repairs.

And now, to wit, Sept. 2, 1924, the motion for judgment for want of a sufficient affidavit of defence is discharged.

From C. M. Clement, Sunbury, Pa.